STEIMAN, APPELLANT, *v.* THE MURRAY HOSPITAL, RESPONDENT.

(No. 3,498.)

(Submitted April 1, 1915.  Decided April 21, 1915.)

[148 Pac. 339.]

*New Trial—Insufficiency of Evidence—Affirmance of Order— When Proper.*

> 1.  Where, in an action for malpractice, the evidence preponderated decisively against the finding of the jury in favor of plaintiff, it was the duty of a district judge, called in to preside at the hearing of a motion for a new trial, to grant the same.
>
> [As to liability of physicians and surgeons for negligence and malpractice, see notes in 48 Am. Dec. 481; 93 Am. St. Rep. 657.]

*Appeal from District Court, Silver Bow County; Roy E. Ayers, Judge of the Tenth Judicial District, presiding.*

ACTION by Julius Steiman against The Murray Hospital, a corporation.  Judgment for plaintiff.  Defendant appeals from an order granting a new trial.  Affirmed.

*Mr. Louis E. Haven* and *Mr. E. F. Flynn,* for Appellant, submitted a brief and argued the cause orally.

*Messrs. Walker & Walker* and *Messrs. Nolan & Donovan,* for Respondent, submitted a brief; the former argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

In this action the plaintiff seeks to recover damages of the defendant corporation for alleged malpractice. On April 19, 1909, during the course of his employment as a timberman in the Speculator mine, a property owned and operated by the North-Butte Mining Company at Butte, the plaintiff was caught by a fall of rock and sustained a compound comminuted fracture of the bones of his left leg below the knee. Under the' terms of a contract theretofore made, and then existing, between the defendant and the mining company, the defendant was required to furnish medical or surgical treatment to any of the employees of the mining company who might become sick or sustain injury while in the discharge of their duties. When he was injured, the plaintiff was taken to defendant's hospital and received there for treatment. He remained there as an inmate until July 23, when he was discharged, but with permission—of which he availed himself—to return at stated intervals for such further attention as the condition of his leg required. Owing to conditions which had supervened requiring special attention, he was again admitted as an inmate on September 1. He was discharged again on September 29, but returned at intervals as before, for such treatment as, in the opinion of the surgeon in whose special charge he was, he needed, until about December 1, when he ceased his visits altogether.

The complaint contains two counts. In the first it is alleged that the defendant, through its employees, was guilty of such negligence in the setting of the bones of plaintiff's leg and in the subsequent treatment accorded him, that the bones failed to

knit and heal, to his damage in the sum of $50,000.  In the second it is alleged that on August 23, 1909, when the plaintiff was on a visit to the hospital for medical attention, T. J. Murray, the president of the defendant, while acting within the scope of his authority, refused him needed attention, assaulted and forcibly ejected him from the hospital, to his damage in the sum of $1,000.  Judgment is demanded for these sums and also for the sum of $260, the amount plaintiff alleges he paid for medical services which he was compelled to obtain from other physicians in order to have his injury cured.  The answer denies all the averments in the complaint, except the corporate capacity of defendant.  The jury, besides answering certain special interrogatories in favor of plaintiff, returned a general verdict for $17,000.  Judgment was entered accordingly.  Judge Lynch, who presided at the trial, having been disqualified, a motion for a new trial was heard and granted by Hon. Roy E. Ayers, judge of the tenth judicial district, called in by Judge Lynch to preside in his stead.  The plaintiff has appealed.

While the motion was made upon all the statutory grounds, the briefs submitted to this court are devoted almost exclusively to a discussion of two of them only, *viz.*, insufficiency of the evidence to justify the verdict, and excessive damages appearing to have been given under the influence of passion or prejudice, the main discussion being upon the former.  As to the first ground, counsel for plaintiff insist that, since the evidence furnishes ample justification for the conclusion of the jury that the defendant was guilty of the negligence charged, or does not decisively preponderate against it, Judge Ayers erred in setting aside the verdict.  On the other hand, counsel for defendant [1] assert that there is no substantial foundation in the evidence for the conclusion that the defendant was guilty of any delinquency whatever, either in failing to accord to the plaintiff, through its officers and employees, the best treatment that, considering the character of his injury, his case permitted or required, or in bringing to its aid every means that the most competent knowledge of medical science and skill in the practice

of it could suggest as useful. They also assert that there is no evidence showing, or tending to show, that the plaintiff suffered any violence at the hands of Murray as alleged. Hence they say Judge Ayers was not only justified in setting aside the verdict, but that it was his duty to do so. Of course, as counsel for plaintiff contend, Judge Ayers, limited as he was in his effort to ascertain the merits of the motion, to what is disclosed by the dead record, ought not to have interfered unless he was convinced that the evidence preponderates against the findings of the jury. (*Gibson* v. *Morris State Bank,* 49 Mont. 60, 140 Pac. 76.) If such was his conviction, however, and it is justified by the record, his duty was clear and his action must be upheld.

We have made a careful study of the evidence, and our conclusion upon it is in harmony with that of Judge Ayers. Not only does it preponderate against the finding of the jury, but, in our opinion, decisively so. We shall not attempt to particularize any portion of it, or point out wherein it fails in material respects to enforce the conviction that the defendant wronged the plaintiff. This would necessarily involve an expression of opinion as to the value of parts of it which might result in embarrassment to one of the parties on another trial.

The order being justified on the ground of insufficiency of the evidence, it is not necessary to express an opinion as to whether the jury were influenced by passion or prejudice in fixing the amount of their verdict, or to notice other grounds of the motion.

The order is affirmed.

*Affirmed.*

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.